UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KIDS WORLD OF AMERICA, INC.                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:14CV-2-S

PNC BANK, N.A.                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, PNC Bank, N.A., to dismiss this action arising out of the alleged deposit of checks issued in the name of Kids World of America, Inc. ("KWA") into an account of the bank's customer, the Academy of Learning ("AOL").

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

The Complaint alleges:

1. Kids World of America, Inc. (hereinafter "KWA") is a business that operates child care facilities in Kentucky...

3. KWA has operated child care centers in Louisville, Shepherdsville, Shelbyville, and Owensboro, among other locations...

5. In 2006, KWA underwent a Chapter 7 bankruptcy and ceased operations at its Louisville, Shepherdsville, Shelbyville, and Owensboro locations...

6. A competing child care provider, the Academy of Learning ("AOL"), began operating its child care facilities at these locations...

8. Unbeknownst to KWA, AOL did not have proper licensure to operate a child care facility. Instead, AOL was billing the Commonwealth of Kentucky for the child care services it was providing using KWA's name and license...

10. Throughout 2006 and 2007, the Commonwealth of Kentucky issued payment checks payable to KWA and mailed them to the various child care facilities.

11. In 2006 and 2007, AOL repeatedly took checks made payable to KWA to National City Bank, where AOL had its checking account, to have the checks cashed and deposited into AOL's checking account.

12. Since 2006 and 2007, National City Bank has been purchased by PNC Bank, N.A. (hereinafter "PNC")...

15. PNC never contacted KWA to alert it that numerous, large checks, made payable to it, were being deposited into the business account of another entity.

16. PNC allowed over $400,000.00 worth of checks made payable to KWA to be deposited into the account of AOL, thereby injuring KWA...

18. KWA only learned of AOL and PNC's actions after the Internal Revenue Service made an inquiry to KWA about inconsistencies between the amounts the Commonwealth claimed to have paid KWA in Form 1099s and the amounts KWA claimed to have received. When KWA began investigating the inconsistencies, it discovered AOL and PNC's actions.

19. KWA first became aware of AOL and PNC's actions and the injury suffered by KWA in 2013.

DN 1-2; Complaint, ¶¶ 1-21.

KWA has filed suit only against PNC Bank, N.A., alleging that the bank aided and abetted fraud, and that it acted negligently.[1]  The action was filed in the Jefferson Circuit Court and was removed invoking our diversity jurisdiction.  Kentucky substantive law applies in determining whether the complaint states a viable cause of action.

Accepting all well-pled facts against PNC  as true for purposes of this motion, KWA alleges that

> Though the checks were made payable to "Kids World of America," PNC allowed the checks to be deposited into accounts ow[n]ed [sic] by AOL;

> PNC never contacted KWA to alert it that numerous, large checks, made payable to it, were being deposited into the business account of another entity;

> PNC allowed over $400,000.00 worth of checks made payable to KWA to be deposited into the account of AOL, thereby injuring KWA.

DN 1-2; ¶¶ 14, 15, 16.

PNC had no duty under Kentucky law to KWA, a non-customer third party to the bank.  *See Ahlan Wa Sahlan Hospitality Company v. United Citizens Bank of Southern Kentucky, Inc.*, No. 2011-CA-001349-MR, 2013 WL 275636 (Ky.App. Jan. 25, 2013).[2]

The claim for negligence (Count II) fails to state a claim upon which relief may be granted, as it alleges nothing more than that "PNC had a duty to exercise ordinary care in the processing of checks and depositing of funds into AOL's account," and that it "breached this duty when it failed to determine whether AOL and KWA were distinct business entities."  DN 1-2; ¶¶ 28; 29.  This duty

---

[1]KWA also seeks punitive damages.

[2]While *Ahlan Wa Sahlan Hospitality* is an unpublished Kentucky decision, it contains numerous citations to "the overwhelming majority of jurisdictions" supporting the proposition, including among them decisions of U.S. District Courts for the Eastern and Western Districts of Kentucky, reasoning that the Supreme Court of Kentucky would adopt the majority view when faced with the question.

of care in processing and depositing clearly was not owed to KWA who had no account or other relationship with the bank. Further, KWA alleges nothing more than that the bank's negligence "caused KWA injury." DN 1-2; ¶ 30. This conclusory allegation with no supporting facts fails to articulate any causation or damage to KWA. There is no suggestion or allegation that KWA actually earned or was entitled to any of the funds the Commonwealth of Kentucky paid.

The claim for aiding and abetting fraud (Count I) fares no better.

According to the complaint, in 2006, KWA went through a Chapter 7 bankruptcy and ceased child care center operations in Louisville, Shepherdsville, Shelbyville, and Owensboro. There is no allegation that the $400,000.00 purportedly obtained by AOL through fraud from the Commonwealth of Kentucky was owed to KWA. The complaint alleges that AOL "billed the Commonwealth of Kentucky for the child care services [AOL] was providing." DN 1-2; ¶ 8. The complaint *does not* allege that AOL misappropriated KWA's money. Rather, the fraud alleged to have been perpetrated was the purported unauthorized use of KWA's name and license to obtain funds from the State. DN 1-2; ¶¶ 8;9 ("AOL had no right to utilize KWA's name or license."). The complaint fails to articulate any facts supporting the conclusory allegation that KWA was injured.

Furthermore, the complaint fails to articulate any connection between the bank and the misappropriation of KWA's name and license. KWA attempts to tie the bank to the alleged fraud by stating that the bank aided and abetted AOL's "fraudulent billing" by allowing the deposits of checks in KWA's name into AOL's account, and failing to notify KWA that AOL was doing so. DN 1-2; ¶¶ 24, 25. However, simply having its name appear on checks issued by the State does not suggest entitlement to such funds nor support a claim of misappropriation of such sums. Thus, not only is there no duty of care owed by the bank to KWA as a non-customer third party, but any claim

with respect to misappropriation of funds does not appear to belong to KWA, but rather would belong to the Commonwealth of Kentucky, on the facts alleged in this complaint.[3]

In order to survive a motion to dismiss, the plaintiff must allege some facts to articulate a plausible claim against the defendant. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,...a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." *Twombly*, 550 U.S. at 555. The complaint in this matter fails to state a claim for relief upon which relief can be granted. The action will be dismissed by separate order.

**IT IS SO ORDERED.**

August 15, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[3]*See also Peoples Bank of Northern Kentucky, Inc. v. Crowe Chizek and Company LLC*, 277 S.W.3d 255, 261 (Ky.App. 2008)("[M]ere negligence is not sufficient to support a claim for civil conspiracy. Rather, there must be proof that the defendants acted tortiously pursuant to a common design, or that they rendered substantial assistance to others to accomplish the tortious act...At most, Crowe Chizek's negligence allowed the misconduct to go undetected for an extended period of time...Consequently, the trial court properly dismissed PBNK's aiding and abetting claims.")